IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROCHESTER THOMAS,**

       **Petitioner,**

    v.            CASE NO. 02-3265-RDR

**UNITED STATES DISCIPLINARY BARRACKS,**

       **Respondent.**

MEMORANDUM AND ORDER

  This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner is a former member of the United States Army and a prisoner at the United States Disciplinary Barracks, Fort Leavenworth, Kansas.

**Background**

  In late 1995, petitioner was convicted *in absentia*[1] of two specifications of attempted rape of a minor, rape, two specifications of forcible sodomy with a minor, two specifications of assault consummated by a battery upon a child under sixteen years, adultery, and indecent acts upon a minor in violation of Articles 80, 120, 125, 128, and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 880, 920, 925, 928, and 934. Petitioner was

---

[1] Following his arraignment, petitioner deserted from the Army.

sentenced to fifty years in confinement, reduction to the grade of Private E-1, forfeiture of all pay and allowances, and a dishonorable discharge.

On January 31, 1997, appellate counsel submitted a brief to the Army Court of Criminal Appeals (ACCA) with six assignments of error, namely: (1) whether the military judge erred in allowing evidence of other uncharged misconduct; (2) whether the military judge erred in allowing such evidence through inadmissible hearsay; (3) whether the military judge abused his discretion in failing to excuse a panel member who stated he was unable to devote himself to the trial; (4) whether the charges were multiplicious; (5) whether the military judge erred in refusing to admit evidence concerning the victim's sexual history; and (6) whether the sentence was inappropriately severe.

Petitioner was arrested in Germany in April 1997 following an incident in which he assaulted his girlfriend and stabbed her roommate.  He was returned to military custody and convicted of attempted voluntary manslaughter, wrongful appropriation, two specifications of assault consummated by a battery, and desertion in violation of Articles 80, 85, 121, and 128 of the UCMJ.  He was sentenced to thirteen years of confinement, forfeiture of all pay and allowances, and a dishonorable discharge.[2]

In September 1997, petitioner submitted a motion under *United*

---

[2] Those charges are not at issue in this action.

2

States v. Grostefon, 12 M.J. 431 (C.M.A. 1982)[3] to file supplemental matters in his appeal.  The ACCA granted the motion and considered the claim, which addressed whether petitioner bore mental responsibility for the sexual attacks on his daughter due to Gulf War Syndrome.  Argument in that matter was conducted in November 1997.  In July 1998, before the ACCA issued a decision, petitioner filed a motion to continue appellate review to allow an investigation of newly-discovered evidence.  The motion was granted, and appellate counsel's investigation resulted in a petition for new trial filed on March 8, 1999.

In August 1999, petitioner submitted a supplemental brief to the ACCA alleging he was prejudiced by the testimony of an expert witness presented by the government that the victim was sexually abused and that the petitioner committed the abuse.

The ACCA granted petitioner partial relief by dismissing some charges as multiplicious, but it denied his request for a new trial.  Thereafter, petitioner sought review in the Court of Appeals for the Armed Forces (CAAF) on the issue of prejudice arising from the testimony of the government expert witness.  Petitioner also presented issues to the CAAF pursuant to Grostefon.

In June 2001, the CAAF granted the request for review but affirmed the decision of the ACCA.  The conviction became final on September 21, 2001.  The United States Supreme Court denied

---

[3] The Grostefon decision allows a petitioner to personally raise issues before the courts of military review.  Such issues must be presented but need not be briefed by counsel where counsel believes they are unsupported in law or fact.

petitioner's requests for certiorari and rehearing.

Petitioner then commenced this action for habeas corpus relief. This court denied the petition on July 28, 2004. During the pendency of petitioner's appeal from that decision, he was granted an abatement to allow him to seek relief in the ACCA. On August 1, 2005, petitioner filed a writ of error *coram nobis*. The ACCA assigned counsel to assist petitioner, and counsel filed a supplemental writ in November 2005. In February 2006, the ACCA denied the petition.

On April 27, 2006, the U.S Court of Appeals for the Tenth Circuit remanded this matter for consideration of petitioner's claim of ineffective assistance of appellate counsel. The court appointed counsel to assist petitioner, and counsel filed a supplemental memorandum on December 18, 2006. The government filed a response on January 22, 2007.

## Discussion

The federal courts have only limited authority to review decisions made in the courts-martial. *Burns v. Wilson*, 346 U.S. 137, 139 (1953). The *Burns* Court held that where a military court has "fully and fairly" addressed a claim in a habeas corpus action, "it is not open to a federal court to grant the writ simply to re-evaluate the evidence." *Burns*, 346 U.S. at 142; *Lips v. Commandant, U.S. Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir. 1993)(quoting *Burns*, 346 U.S. at 142).

In the Tenth Circuit, the determination that a matter has been

4

given full and fair review in a military court is governed by *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986), *cert. denied*, 476 U.S. 1184 (1986).  In that decision, the Tenth Circuit stated:

> "When an issue is briefed and argued before a military board of review, we have held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not consider the issue meritorious or requiring discussion."  *Watson*, 782 F.2d at 145.

Petitioner asks this court to look beyond this limited standard of review, citing *Armann v. McKean*, 2006 WL 2882954 (W.D. Pa. 2006)(Doc. 41, Ex. E.)  In *Armann*, the district court, citing to Third Circuit precedent that applied the standards of 28 U.S.C. §2254(d) to military habeas corpus actions. *Armann*, 2006 Wl2882954, *1.  That decision, however, was reversed on appeal.  *Armann v. McKean*, 549 F.3d 279 (3d Cir. 2008).  In that decision, the Third Circuit Court of Appeals held the district court erred in granting an evidentiary hearing after applying the scope of review under 28 U.S.C. § 2254(d).  The appellate court ultimately upheld the summary order issued by the CAAF as full and fair consideration.  *See Armann*, 549 F.3d at 292-93 ("Armann's case is largely controlled by ... *United States ex rel. Thompson v. Parker*, in which we found the military courts provided full and fair consideration even where the Court of Military Appeals (i.e., the CAAF) summarily denied the appellant's petition for grant of review.")

The ruling of the Third Circuit in *Armann* is compatible with

5

the *Watson* standard that the Tenth Circuit has consistently cited. *See, e.g., Taylor v. Inch*, 2009 WL 2757185, (10th Cir. Sep. 1, 2009); *Templar v. Harrison*, 298 Fed. Appx. 763, 2008 WL 4746772 (10th Cir. 2008); and *Diaz v. Inch*, 268 Fed. Appx. 802 (10th Cir. 2008).

Accordingly, in considering the record, the court has applied the governing *Watson* holding and the factors to be considered before granting habeas corpus review in military cases identified in earlier cases. *See, e.g., Roberts v. Callahan*, 321 F.3d 994, 996 (10th Cir. 2003)(describing four factors, namely, (1) the error must be of substantial constitutional dimension; (2) the issue must be one of law rather than fact determined by the courts-martial; (3) military considerations may warrant a different treatment of constitutional claims; and (4) the military courts must give adequate consideration to the claims.)

The record shows the parties thoroughly briefed the issues of ineffective assistance of counsel presented in petitioner's writ of error *coram nobis*. (Doc. 41, Exs. B and D.)  Those submissions contain a detailed explanation of the lengthy procedural history of this matter, the relevant facts, and a statement of the applicable standard of review for claims of ineffective assistance of counsel, that is, the test set out in *Strickland v. Washington*, 466 U.S. 668 (1984) and applied to such claims in the courts-martial. *United States v. Howard*, 47 M.J. 104, 106 (C.A.A.F. 1997)(quoting *Strickland*).  While the record contains only a summary disposition of petitioner's claims, such a disposition is sufficient under

*Watson v. McCotter.*

Therefore, having carefully considered the record, the court concludes the petitioner's claims alleging ineffective assistance of counsel were given full and fair consideration in the military courts and that petitioner is not entitled to additional review in this action.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

Copies of this Memorandum and Order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED:  This 29th day of September, 2009, at Topeka, Kansas.


                              S/ Richard D. Rogers
                              RICHARD D. ROGERS
                              United States District Judge